## Commonwealth *v.* Fell.

*Criminal law—Costs—Prosecution—Corporations.*

Upon the trial of a prosecution for burning a dwelling house to defraud an insurance company the verdict was "Not guilty, and the Standard Fire Insurance Company of Trenton, N. J., to pay the costs, represented by James F. D. Wilson as prosecutor." It appeared that Wilson was the agent and adjuster of the insurance company. *Held,* that a judgment for costs of prosecution was properly entered against the insurance company.

A judgment for costs in a criminal prosecution may be imposed upon a foreign corporation.

Argued May 22, 1906. Appeal, No. 112, April T., 1906, by The Standard Fire Insurance Company, from judgment of Q. S. Crawford Co., for costs on verdict of not guilty in case of Commonwealth v. C. E. Fell. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Indictment for burning a dwelling house. Before THOMAS, P. J.

Rule to show cause why sentence imposing costs on the Standard Fire Insurance Company of Trenton, New Jersey, should not be vacated and annulled.

THOMAS, P. J., filed the following opinion:

This case was tried and the verdict of the jury was returned September 26, 1905. Because of our enforced absence at the time the clerk took the verdict, as per our direction, and entered the same in the exact language as returned by the jury, which was as follows:

"Not guilty, and The Standard Fire Insurance Company of Trenton, N. J., to pay the costs, represented by Adjuster James F. D. Wilson as prosecutor."

No motion to set aside the verdict or in arrest of judgment was made within the required time, and upon October 4, 1905, we imposed the sentence of costs upon the said insurance company. In just a month thereafter, to wit, November 4, 1905, the petition upon which this rule is based was presented to us and the rule granted, without notice thereof or the serving of a copy of the same on any interested parties or their attorneys, and without in any way establishing the facts averred in the petition, excepting by said ex parte affidavit.

Had we been present when the verdict was rendered, we should have molded the same into proper form according to the intent of the jury. We are not persuaded, however, that it is insufficient in the form rendered to support a judgment.

We instructed the jury as to what disposition they might make of the costs, and that in case they placed costs upon a prosecutor, they must mention whom they found, from the evidence, the prosecutor to be.

It is urged that they have not found the insurance company to be the prosecutor, but we think that, under our instructions, that is just what they did find. They found that the company acted by a representative and that said agent represented them in the capacity of a prosecutor, and, because thereof, directed that the company pay the costs.

We are persuaded that the verdict will support the judgment, especially in view of the fact of delay in asking for relief.

It is urged that we are without power to sentence a foreign corporation, doing business in this commonwealth, to pay costs in a criminal case, and also that not it, but its agent, was the prosecutor, and that said company has not had its day in court to be heard upon the question.

We have no doubt whatever about the power of the jury to inquire from the evidence as to who is the real prosecutor in a case, and having determined the same and imposed the costs thereon, the court may properly sentence said party, even though not indorsed as prosecutor, or even though said party is a foreign corporation doing business in this commonwealth.

Certainly it cannot be claimed with any show of justice that a foreign insurance company may in due form come into this commonwealth and insure the property of our citizens and accept their money therefor, and when a loss occurs, prosecute,

without any just cause or reason, said unfortunate citizen at the expense of said citizen, as well as the commonwealth, without rendering themselves liable for the payment of said costs so incurred, simply because they are a corporation and not an individual.

It is certainly true that the jury should not be permitted to find someone to be the prosecutor and impose the costs upon him where he has not made the information, is not indorsed as prosecutor and has not had his day in court. We could not permit a verdict to stand without giving an opportunity to the person affected thereby to have his day in court.

But was not this insurance company in court in this prosecution to the full extent of its power so to be? The evidence disclosed the fact that after the loss occurred, the defendant communicated with the agent of the company, who sent said communication to the company; that such was then sent by the company to its adjuster, James F. D. Wilson, who appears upon the scene of the fire. He makes several visits and conducts himself in such a manner as would persuade any reasonable man, sitting as a juror, that his sole object was to relieve his company from the payment of this loss by convicting this defendant, whether guilty or innocent, of the offense with which he was here charged, even to the extent of paying a sum to secure such conviction. His entire conduct seemed to show that he was not trying so much to determine the cause of the fire as to fix it upon this particular individual, as that would relieve the company from the payment of the claim.

He procures an extraordinary and unusual method of inquiry into the cause of the fire to be instituted; takes advantage of, if indeed he does not promote, a family quarrel to aid in his purpose; procures the evidence and conducts the proceedings before the justice; and prepares the case for court and sits at the counsel table with private counsel, who is now representing the company in this rule, during the trial of the case.

Certainly Wilson was the agent of this company and was attempting to adjust this claim, and this was one of the means (and had it succeeded it would certainly have been a most effective one) adopted to relieve his principal. The jury evidently believed not only that defendant was not guilty, but that Wilson had acted without cause, and possibly with malice,

in bringing and pursuing the prosecution, and if so, why should they not put the costs on the party he represented? Certainly, he was not prosecuting as an individual, and if he acted in a representative capacity and with authority, there is no reason why the party for whom he was acting and which expected to reap a benefit therefrom should not pay the costs made by such unwarranted action.

It seems to us that the insurance company has had its day in court. It would have to act by a representative in such a matter. It did act by a representative, who was undoubtedly acting for it and within his authority, and now the company cannot be heard to say that it has not had a day in court. It was in court by its legal representative all the time, and but therefor no one would have been in court and no costs would have been incurred.

It is urged that the affidavit filed sets forth the fact that the prosecution of defendant was not done or carried on at the instance or with the knowledge of the insurance company. In our opinion this fact is not properly established, but for the purposes of this rule we shall assume it is, and yet petitioner is not entitled to relief. In the first place, there is no pretense that it was not done by and under the authority of said company. It would seem very reasonable that the prosecution must have originated at the instance of an individual and not the corporation, but it was at the instance of one having authority to do just what was done, and this is not denied. Just what is meant as to the company having a knowledge of the prosecutor is not quite clear, but we apprehend that a company or corporation has little knowledge of many of the acts of its agents at the time they are being performed; but they are bound by those acts when within the scope of the agent's authority, nevertheless. We believe that this prosecution was within the scope of the authority of the agent sent by this company to adjust this claim, and that by law what he did was binding upon the company. But, besides this, it is not claimed by the company that he did not have authority from it so to do.

It seems to us that there was a proper finding by the jury that the petitioner was the prosecutor, in addition to which they find the agency through which it acted; that said petitioner, because of being the real prosecutor, should pay the

costs; that the petitioner has actually and legally had its day in court; and that the judgment and sentence should not be disturbed.

The rule is discharged.

*Error assigned* was the order of the court.

*Geo. F. Davenport*, for appellant, cited: Clemens v. Com., 7 Watts, 485; Guffy v. Com., 2 Grant, 66; Com. v. Doyle, 16 Pa. Superior Ct. 171.

*Thomas J. Prather*, for appellee.

OPINION BY BEAVER, J., October 5, 1906:

The Standard Fire Insurance Company, of Trenton, N. J., appeals from the sentence of the court of quarter sessions, in and by which it was sentenced to pay the costs of a prosecution against the defendant, upon a charge of " burning dwelling house to defraud insurance company," in accordance with the verdict of a jury, which was: " Not guilty, and the Standard Fire Insurance Company of Trenton, N. J., to pay the costs, represented by James F. D. Wilson as prosecutor."

The sixty-second section of the Criminal Procedure Act of March 31, 1860, P. L. 427, provides:

" In all prosecutions, cases of felony excepted, if the bill of indictment shall be returned ignoramus, the grand jury returning the same shall decide and certify on such bill whether the county or the prosecutor shall pay the costs of prosecution; and in all cases of acquittals by the petit jury on indictments for the offenses aforesaid, the jury trying the same shall determine by their verdict, whether the county, or the prosecutor, or the defendant, shall pay the costs, or whether the same shall be apportioned between the prosecutor and the defendant, and in what proportions; and the jury, grand or petit, so determining, in case they direct the prosecutor to pay the costs or any portion thereof, shall name him in their return or verdict; and whenever the jury shall determine as aforesaid, that the prosecutor or defendant shall pay the costs, the court in which the said determination shall be made shall forthwith pass sentence to that effect, and order him to be committed to the

jail of the county until the costs are paid, unless he give security to pay the same within ten days."

It is claimed by the appellant that, inasmuch as it is not named as prosecutor in the verdict of the jury, it was unlawful for the court to impose the sentence above referred to.

After sentence, Irvin W. Rogers, secretary of the Standard Fire Insurance Company of New Jersey, presented a petition to the court to annul and vacate the sentence of court, imposing the costs upon said insurance company, as in the petition recited, which petition was supported by an affidavit made by the said secretary. A motion, based upon this petition, was presented to the court, which was disposed of in an opinion fully covering the question involved. This opinion practically covers the entire question and needs neither explanation nor addition.

The indictment names James F. D. Wilson among the witnesses as prosecutor. It is claimed by the appellant that he is named in the verdict as the prosecutor and that, therefore, the sentence directing the appellant to pay the costs is not supported by the verdict. It is admitted in the appellant's argument that, if the verdict had taken this form, " Not guilty, and the prosecutor, the Standard Fire Insurance Co., to pay the costs, represented by adjuster James F. D. Wilson," it would have supported the sentence. Does not the verdict practically mean that? Suppose it had read, Not guilty, and the Standard Fire Insurance Co. of Trenton, N. J., to pay costs, as prosecutor, represented by James F. D. Wilson; it would mean the same thing. Placing a comma after Wilson and making the part of the verdict " represented by James F. D. Wilson " as parenthetical, does it not mean precisely that? As is set forth by the court, no motion to set aside the verdict, or in arrest of judgment, was made within the required time. The verdict appears to have been rendered in the absence of the court and was, therefore, recorded just as it was returned by the jury, without any effort to ascertain exactly what the intent of the jury was. We are quite in harmony with the opinion of the court, however, that, whether we view the part of the verdict relating to Wilson, as the representative of the compamy, as parenthetical, or whether we take the verdict just as it stands, " We are not persuaded that it (the verdict) is insufficient in the form rendered to support a judgment."

A corporation, which is an artificial person, necessarily acts by and through natural persons. The corporation, as such, cannot make an information. It cannot, as such, appear as a witness. This is shown by the petition which it presented to vacate and annul the sentence. That petition was made and supported by the affidavit of its secretary, and yet no one will say that it was not the petition of the corporation; so in the matter of the indictment for the destruction of his property by fire, in order to secure the insurance represented in the policy of the appellant. Wilson, who is named as the prosecutor upon the indictment, as clearly appears by the charge of the court, which is not assigned for error, was the adjuster and agent of the company. He represented the company for its benefit. A conviction of the defendant would have been a practical defense against the payment of the policy. The interests of the corporation were involved, if not directly, at least indirectly. It was, therefore, very natural that the jury should depart, as they had a right to do, from the indorsement upon the indictment which named Wilson as the prosecutor, and name, as the real prosecutor, the appellant, the Standard Fire Insurance Company of Trenton, N. J.

Judgment affirmed and record remitted, in order that the sentence may be carried into effect.